# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

MIGUEL ANGEL ZUNIGA on his own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

DOUG'S DINER, INC.,
DOUG'S DAY DINER, LLC,
MILO, INC.,
COCO, INC.,
RICKEY BRUENING, INC.,
RICKEY BRUENING, and
LINDA HERNANDEZ,

    Defendants.
_____

## CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Defendants employed Plaintiff and those similarly situated to work long hours in Defendants' Doug's Diners restaurants.

2. Defendants paid Plaintiff and others by the hour, but refused to pay them overtime premiums for overtime hours worked.

3. Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular hourly rate of pay for each hour worked beyond 40 each workweek.

4. Defendants violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS") because the COMPS requires employers to pay their employees one-and-one-half times each employee's regular hourly rate of pay for each hour worked beyond 40 each workweek and/or beyond 12 hours each workday. 7 C.C.R. 1103-1.

5. Defendants violated the Colorado Wage Claim Act ("CWCA"), C.R.S. § 8-4-101, *et seq.*, which requires employers to pay their employees all wages due.

6. Defendants violated the COMPS when they failed to provide Plaintiff and others with paid 10-minute rest periods for each 4 hours worked.

7. Defendants willfully filed fraudulent information returns, in violation of 26 U.S.C. § 7434, by paying part of their employees' wages in cash and not reporting those wages to the federal government.

8. Plaintiff seeks, on his own behalf and on behalf of all others similarly situated, actual and liquidated damages, penalties, pre- and post-judgment interest, and attorney fees and costs.

## PARTIES, JURISDICTION, AND VENUE

9. Plaintiff Miguel Zuniga was employed by Defendants between approximately 2021 and approximately July 14, 2023. Plaintiff Zuniga's signed FLSA Consent to Sue Form is attached hereto as Exhibit 1.

10. Doug's Diner, Inc. is a registered Colorado corporation with a principal street address of 131 Hunters Cove Rd., Mead CO 80542.

11. Doug's Day Diner, LLC is a registered Colorado limited liability company with a principal street address of 532 N. Lincoln Ave., Loveland CO 80537.

12. Milo, Inc. is a registered Colorado corporation with a principal street address of 131

Hunters Cove Rd., Mead CO 80542.

13. Coco, Inc. is a registered Colorado corporation with a principal street address of 131 Hunters Cove Rd., Mead CO 80542.

14. Rickey Bruening, Inc. is a registered Colorado corporation with a principal street address of 131 Hunters Cove Rd., Mead CO 80542.

15. Rickey Bruening is an owner and manager of the Doug's Diner enterprise.

16. Linda Hernandez is an owner and manager of the Doug's Diner enterprise.

17. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.* and 26 U.S.C. § 7434.

18. Plaintiff requests that this Court exercise supplemental jurisdiction over his claims arising under the COMPS and the CWCA. 28 U.S.C. § 1367.

19. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS**

20. Plaintiff and those similarly situated worked as hourly employees in Defendants' Doug's Diner restaurants in Centennial, Thornton, Windsor, Parker, Greeley, Fort Collins and Boulder.

21. Though Plaintiff and Defendants' other employees regularly worked more than 40 hours each workweek, and sometimes more than 12 hours per day, Defendants refused to pay them overtime wages.

22. For example, Plaintiff Zuniga worked 156.82 hours during the two-week pay period running from January 16, 2023 through January 29, 2023. During the two-week pay period

running from February 27, 2023 through March 12, 2023, Plaintiff Zuniga worked 125.99 hours. Defendants refused to pay Plaintiff overtime premiums for the hours he worked beyond 40 each workweek and 12 each workday during these and all other pay periods during his tenure of employment.

23. Defendants subjected all their hourly employees to the same policy and practice of failing to pay overtime premium wages for overtime hours worked.

24. Defendants also failed to provide Plaintiff and those similarly situated with compensated 10-minute break periods for each 4-hour work period.

25. And Defendants paid a portion of Plaintiff's and others' wages in cash and willfully concealed those cash payments from the Internal Revenue Service when filing tax information returns.

26. As shown by Defendants' decision to pay their employees' overtime hours in cash, "off the books", and at the regular rate of pay, Defendants' violations of state and federal wage law were willful.

27. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

28. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

29. Defendant Rickey Bruening, at all material times, exercised operational control and/or financial control over the entity Defendants' enterprise and exercised control over entity Defendants' employees' terms and conditions of employment. For example, Defendant Bruening participated in making important financial decisions regarding the enterprise, participated in

controlling employees' rates of pay, and participated in making the decision to deny employees overtime pay for overtime hours worked.

30. Defendant Linda Hernandez, at all material times, exercised operational control and/or financial control over the entity Defendants' enterprise and exercised control over entity Defendants' employees' terms and conditions of employment. For example, Defendant Hernandez participated in making important financial decisions regarding the enterprise, participated in controlling employees' rates of pay, and participated in making the decision to deny employees overtime pay for overtime hours worked.

31. Plaintiff hereby demands, on his own behalf and on behalf of all others similarly situated, payment of all unpaid wages due plus an equal amount in liquidated damages. Such payment should be made in care of undersigned counsel at the listed address.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

32. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All hourly employees who worked at any Doug's Diner location on or after August 24, 2020 who were not paid overtime premium wages for overtime hours worked.

33. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

5

34. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding overtime wage payments.

## **RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM**

35. Plaintiff asserts his Second Claim, brought under the COMPS, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

36. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "COMPS Class" as follows:

> All hourly employees who worked at any Doug's Diner location on or after August 24, 2017 who were not paid overtime premium wages for overtime hours worked and/or who were not given paid 10-minute rest periods for each 4 hours worked.

37. This action is properly brought as a class action for the following reasons.

38. Defendants failed to pay all their hourly employees overtime wages for overtime hours worked and failed to provide their employees with a 10-minute rest period for each 4 hours worked.

39. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 200-300 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

40. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their employees overtime wages

6

for overtime hours worked and whether Defendants failed to provide their employees with two 10-minute rest periods each workday.

41. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime and provide rest periods. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policies of failing to pay overtime and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

43. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

44. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

45. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

46. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the COMPS counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

47. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

48. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

49. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

50. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

51. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## RULE 23 CLASS ALLEGATIONS AS TO THE THIRD CLAIM

52. Plaintiff asserts his Third Claim, brought under the CWCA, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

53. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "CWCA Class" as follows:

> All hourly employees who worked at any Doug's Diner location on or after August 24, 2020 who were not paid all wages due.

54. This action is properly brought as a class action for the following reasons.

55. Defendants failed to pay their hourly employees all wages due.

56. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 100-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

57. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants paid their employees all wages due, whether Defendants received a written demand for such wages, and whether Defendants tendered any monies in response to that demand.

58. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay wages due to their employees. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policy of failing to pay all wages due was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

60. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

61. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

62. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

63. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purpose of the CWCA counsels toward vindicating the rights of those employees with small claims as part of the larger Class.

64. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

65. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

66. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

67. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

68. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

## **RULE 23 CLASS ALLEGATIONS AS TO THE FOURTH CLAIM**

69. Plaintiff asserts his Fourth Claim, brought per 26 U.S.C. § 7434, as a Fed. R. Civ. P. 23 class action, on his own behalf and on behalf of a class for which Plaintiff seeks certification.

70. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "7434 Class" as follows:

> All hourly employees who worked at any Doug's Diner location on or after August 24, 2017 who were paid a portion of their wages in cash.

71. This action is properly brought as a class action for the following reasons.

72. Defendants paid many of their employees in part via check and in part in cash. Defendants fraudulently failed to report the cash wage payments to the Internal Revenue Service.

73. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of

11

Class Members is in the 100-200 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

74. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants paid their employees part of their wages in cash and whether Defendants failed to report those cash wage payments to the Internal Revenue Service.

75. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to report all wages paid to the federal taxation authority. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with his claims. If Defendants' policy of failing to report all wages paid was unlawful as applied to the representative Plaintiff, it was unlawful as applied to the absent members of the putative class.

76. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

77. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

78. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

79. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

80. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight.

81. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

82. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

83. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

84. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

85. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 (7.1); 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

**FIRST CLAIM – Failure to Pay Overtime Premiums**
**Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

86. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

13

87. Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

88. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

89. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

90. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

91. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond 40 in each given workweek. 29 U.S.C. § 207.

92. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

93. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

94. Plaintiff and others are entitled to recover unpaid overtime premiums, liquidated damages, attorney fees and costs. 29 U.S.C. § 216(b).

**SECOND CLAIM – Failure to Pay Overtime Premiums and Failure to Give Rest Periods
Violation of the COMPS, 7 CCR 1103-1**

95. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

96. Defendants were Plaintiff's and others' "employers" as that term is defined by the COMPS. 7 CCR 1103-1(1.6).

97. Plaintiff and others were Defendants' "employees" as that term is defined by the COMPS because they performed labor for the benefit of the Defendants. 7 CCR 1103-1(1.5).

98. Defendants violated the COMPS when they refused to pay Plaintiff and others overtime wages for all hours worked beyond 40 each workweek and for all hours worked beyond

14

12 each workday. 7 CCR 1103-1(4.1.1).

99. Defendants violated the COMPS when they failed to provide Plaintiff and others with 10-minute rest periods for each 4 hours worked.

100. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

101. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit. C.R.S. § 8-6-118; 7 CCR 1103-1(8.1(A)).

### THIRD CLAIM – Failure to Pay All Earned, Vested, and Determinable Wages
### Violation of the CWCA (C.R.S. § 8-4-101, *et seq*.)

102. Plaintiff repeats and realleges each of the above allegations as if fully set forth herein.

103. Defendants were Plaintiff's and others' "employers" as that term is defined by the CWCA because they employed Plaintiff and others in Colorado. C.R.S. § 8-4-101(6).

104. Plaintiff and others were Defendants' "employees" as that term is defined by the CWCA because they performed labor for the benefit of Defendants. C.R.S. § 8-4-101(5).

105. Defendants violated the CWCA when they failed to pay Plaintiff and those similarly situated all wages due. C.R.S. § 8-4-109; C.R.S. § 8-4-103.

106. As a result, Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

107. Defendant incurred penalties under the CWCA when they failed to tender wages due within 14 days of receipt of Plaintiff's demand for wages due. C.R.S. § 8-4-109.

108. Plaintiff and others are entitled to recover in a civil action all wages owed to them, statutory penalties and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## FOURTH CLAIM – Filing of Fraudulent Information Returns
### Violation of 26 U.S.C. § 7434

109. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

110. Defendants willfully filed fraudulent information returns with respect to wage payments made to Plaintiff and others. 26 U.S.C. § 7434(a).

111. Plaintiff does not assert a claim for actual damages.

112. Defendants are liable to Plaintiff and all others similarly situated in the amount of $5,000.00 per violation. 26 U.S.C. § 7434(b).

113. Plaintiff has contemporaneously served the Internal Revenue Service with a copy of this complaint upon filing the same with this Court. 26 U.S.C. § 7434(d).

**WHEREFORE**, Plaintiff prays, as to his FIRST CLAIM, that:

  a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential opt-in Plaintiffs;

  b. He and the opt-in Plaintiffs be awarded unpaid overtime premiums;

  c. He and the opt-in Plaintiffs be awarded liquidated damages as required by law;

  d. He and the opt-in Plaintiffs be awarded pre-judgment and post-judgment interest as permitted by law;

  e. He and the opt-in Plaintiffs be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

  f. He and the opt-in Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

And, as to his SECOND CLAIM, that:

  a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

  b. Plaintiff be certified as the class representative of the COMPS class;

    c. Undersigned counsel be appointed COMPS class counsel;

    d. Prompt notice of this litigation be sent to all potential COMPS class members;

    e. Plaintiff and the COMPS class be awarded the wages they are due, together with attorney fees and costs of suit. C.R.S. § 8-6-118; 7 CCR 1103-1(18);

    f. Plaintiff be awarded a service award in recognition of his work as representative of the COMPS class;

    g. Plaintiff and the COMPS class be awarded such other and further relief as may be necessary and appropriate.

And, as to his THIRD CLAIM, that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. Plaintiff be certified as the class representative of the CWCA class;

    c. Undersigned counsel be appointed CWCA class counsel;

    d. Prompt notice of this litigation be sent to all potential CWCA class members;

    e. Plaintiff and the CWCA class be awarded the wages they are due, penalties, and attorney fees and costs of suit. C.R.S. § 8-4-109; C.R.S. § 8-4-110;

    f. Plaintiff be awarded a service award in recognition of his work as representative of the CWCA class;

    g. Plaintiff and the CWCA class be awarded such other and further relief as may be necessary and appropriate.

And, as to his FIFTH CLAIM, brought pursuant to 26 U.S.C. § 7434, that:

    a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

    b. Plaintiff be certified as the class representative of the 7434 class;

    c. Undersigned counsel be appointed 7434 class counsel;

    d. Prompt notice of this litigation be sent to all potential 7434 class members;

    e. Plaintiff and the 7434 class members be each awarded $5,000.00 per violation per 26 U.S.C. § 7434(b);

    f. Plaintiff be awarded a service award in recognition of his work as representative

    of the 7434 class;

 g. Plaintiff and the 7434 class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted this 25th day of August, 2023.

            *s/ Brandt Milstein*
            MILSTEIN TURNER, PLLC
            2400 Broadway, Suite B
            Boulder, CO 80304
            303.440.8780
            brandt@milsteinturner.com

            *Attorney for Plaintiff*